**BILLY D. BELL , THOMA PANDA,**
**JONATHAN W. SMITH and GIOVANNI**
**TORRES,**

              **Plaintiffs,**

**-vs-**                                            **Case No. 6:11-cv-1175-Orl-36DAB**

**CENTRAL FLORIDA CABLE**
**COMMUNICATIONS, INC.,**

              **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENTS (Doc. No. 33)**
>
> **FILED:**      **October 19, 2012**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

      The matter has been referred by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated

judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

According to the representations in the parties' Joint Motion for Approval of Settlement Agreements (Doc. 33) and Plaintiffs' Answers to Court Interrogatories (Doc. 20), Plaintiffs were employed as cable installers for varying periods of time of six months to one year. Plaintiffs alleged that Defendant improperly classified them as exempt from overtime and miscalculated their overtime compensation under the FLSA. They all allege that they began each workday at 7:00 a.m. and worked until the jobs were finished. Doc. 20. Plaintiffs argued that Defendant paid at a piece rate, and not at an overtime rate for hours over 40 per week; thus, they allege that they are due the additional half rate for those hours. Doc. 20. Defendant argued that each of the Plaintiffs performed cable installation and related work as an independent contractor; it acted in good faith, preliminary and postliminary activities were not compensable under the FLSA; and the *de minimis* rule applied. Doc. 19.

The parties also state that they engaged in extensive discovery. Specifically, written discovery was propounded by both parties and depositions of each Plaintiff and the corporate representative for

Defendant were conducted. The parties focused on the issue of whether the Plaintiffs were independent contractors or employees, and both parties relied on previous Court decisions in support of their contention on the independent contractor/employee relationship. Doc. 33.

After discovery was concluded, the parties engaged in a Court ordered mediation, which was declared an impasse. Shortly thereafter, the parties resumed settlement negotiations and settlement figures were presented to Plaintiffs, who elected to resolve their claims for the amounts set forth in their Settlement Agreements. *See* Doc. 33. The parties represent that, after candid discussions, and a review of the relevant facts and evidence, the parties have amicably resolved the claims of the Plaintiffs for the total sum of $27,950, as set forth in the table below.

The amounts Plaintiffs initially sought in their Answers to Court Interrogatories for alleged overtime wages owed are listed in the chart below; the chart also lists the overtime settlement amounts, amounts for general releases, and the dates of Plaintiffs' employment. The ratio of settlement amounts to the disputed principal amounts Plaintiffs sought varied among Plaintiffs; Plaintiffs with longer employment periods and more overtime hours each week (ranging from 27 overtime hours to 40 overtime hours per week) sought larger amounts in their Answers to Court Interrogatories, and received larger settlements. *See* Doc. 20. All Plaintiffs received an additional $500 for a general release of claims.

Plaintiffs state that their decisions to resolve their claims and accept a compromised amount of overtime wages were supported by the possibility of a Motion for Summary Judgment and the looming trial calendar. Plaintiffs also acknowledged that they may have worked less overtime hours each work week than originally claimed in their Answers to Court's Interrogatories. Counsel for both parties agree that, in their respective opinions, the settlement entered into by the parties was an arms-length compromise and there was no collusion with regard to the settlement of this matter, and

Plaintiffs are satisfied with the resolution reached in this case as a result of the settlement. The settlement amounts are set forth in the table below:

| Name | Dates of Employment (# of weeks) | Answer to Court Interrog. | Overtime Settlement Amount | General Release |
|---|---|---|---|---|
| Billy Bell | 8/10- 3/11 (28) | $5,997.60 | $3,500.00 | $500.00 |
| Thomas Panda | 7/10-4/11 (34) | $8,500.00 | $4,300.00 | $500.00 |
| Jonathan Smith | 9/10-3/11 (24) | $6,285.60 | $3,300.00 | $500.00 |
| Mark Tolbert | 7/10-8/11 (52) | $13,737.36 | $6,500.00 | $500.00 |
| Giovanni Torres | 3/10- 6/11 (60) | $19,512.00 | $7,850.00 | $500.00 |
| Subtotals | | | $25,450.00 | $2,500.00 |
| **Total Settlement** | | | | $27,950.00 |

The parties have agreed that Defendant will pay Plaintiffs' attorney $11,128 in attorney's fees and costs, which represents reduction in the amount of fees and costs that originally stood at approximately $15,103.50 for fees including written discovery, depositions, and extensive research on the issue of independent contractor/employee relationship. Doc. 33 at 4. Plaintiffs' counsel litigated the case on behalf of Plaintiff incurring 32.8 hours; his paralegal incurred 45.9 hours. Todd Budgen, Esq., has previously been awarded an hourly rate of $275 in other FLSA cases in the Middle District; his paralegal's hourly rate of $95 is also reasonable. *See, e.g., Patel v. Ridhi Investments, Inc.*, Case No. 6:10-cv-375-Orl-28DAB; *Perez v. Sandord-Orlando Kennel Club, Inc.,* Case No. 6:05-cv-269-Orl-28KRS. Costs of $1,723 include the filing fee, service of process, copy charges, deposition charges, and $1,128 for the mediation fee (which is not ordinarily a taxable cost, but supports counsel's expenses in the case). The amount of time devoted and the hourly rates are not unreasonable under the circumstances of this case, which involved the independent contractor issue of five Plaintiffs and involved more discovery than the standard FLSA case. Distributed over the five settling Plaintiffs, the fee on a per Plaintiff basis is approximately $2,676.10 and reasonable.

Settlement in the amount of **$27,950** to Plaintiff for overtime wages and liquidated damages, and **$11,128** for attorney's fees and costs is a fair and reasonable settlement. It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 30, 2012.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy